NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIECE-LISA INDUSTRIES, INC.,

               Plaintiff-Appellant,

v.

DISNEY STORE USA, LLC; et al.,

               Defendants-Appellees.

No.   21-55816

D.C. No.
2:20-cv-09147-TJH-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted June 7, 2022[**]
Pasadena, California

Before:  M. SMITH, BADE, and VANDYKE, Circuit Judges.

Plaintiff Diece-Lisa Industries, Inc. (DLI) appeals from the district court's

grant of summary judgment in favor of defendant Disney.[1]  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] The complaint names Disney Store USA, LLC and numerous related entities as defendants.  We refer to them collectively in our disposition as "Disney."

pursuant to 28 U.S.C. § 1291, and affirm.

The parties' familiarity with the record is assumed. DLI does not meaningfully contest that its claims are barred by our existing precedents adopting and applying *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), *see, e.g.*, *VIP Prods. LLC v. Jack Daniel's Props., Inc.*, 953 F.3d 1170, 1174-75 (9th Cir. 2020), arguing instead that we should overturn or modify those decisions. DLI requests that we hear this case initially en banc so that our court can reconsider its use of the *Rogers* test wholesale. In a concurrently filed order, we deny this request. We also decline DLI's invitation to "modify" the *Rogers* test. At bottom, we are constrained by existing circuit precedent. *See, e.g.*, *Silva v. Garland*, 993 F.3d 705, 717 (9th Cir. 2021). DLI identifies no apposite authority that would permit us to add a significant, novel wrinkle to our *Rogers* jurisprudence. *Cf. Twentieth Century Fox Television v. Empire Distrib., Inc.*, 875 F.3d 1192, 1198 (9th Cir. 2017) (rejecting effort to invent new legal requirement that did "not appear in the text of the *Rogers* test").

Because DLI's briefing is directed almost entirely to arguing that we should change existing precedent, it has likely waived any assertion that our existing *Rogers* case law allows its claims to go forward. *See, e.g.*, *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003). In any event, we agree with the district court that Disney's alleged use of DLI's trademark was protected by the First Amendment pursuant to the *Rogers* test. *Rogers* allows the application of federal

2

trademark protection "to an expressive work only if the defendant's use of the mark (1) is not artistically relevant to the work or (2) explicitly misleads consumers as to the source or the content of the work." *Gordon v. Drape Creative, Inc.*, 909 F.3d 257, 264 (9th Cir. 2018). There is no genuine dispute that Disney's use of the LOTS OF HUGS mark was relevant to the plot of a work of artistic expression, *Toy Story 3*, or that Disney's use of the mark was not explicitly misleading within the meaning of the *Rogers* test. *See id.* at 264 ("[T]he level of artistic relevance under *Rogers*'s first prong need only exceed zero."); *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 983 F.3d 443, 462 (9th Cir. 2020) (to satisfy *Rogers*'s second prong, there generally must be "an explicit indication, overt claim, or explicit misstatement about the source of the work," which is a "high bar" (citation and internal quotation marks omitted)).

Consequently, *Rogers* bars DLI's claims. Because we affirm based on the *Rogers* test, we do not address Disney's argument that alternative grounds for affirmance exist.

**AFFIRMED.**